UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWAYLA MITCHELL, individually and on behalf of other similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KGB USA, INC. and<br>CONDUIT GLOBAL, INC.,<br><br>　　　　　Defendants. | Civil Action No. 5:22-CV-3283<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION |

**COLLECTIVE ACTION COMPLAINT**

Lawayla Mitchell ("Plaintiff"), individually and on behalf of all other similarly situated current and former Customer Service Representative ("CSRs") employed by kgb USA, Inc. ("kgb USA") and Conduit Global, Inc. ("Conduit Global") (together, "Defendants"), files this Collective Action Complaint against Defendants for unpaid overtime, liquidated damages, attorneys' fees, costs and other relief for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

**INTRODUCTION**

1. Plaintiff files this lawsuit to recover unpaid overtime compensation under § 216(b) of the FLSA. She brings these claims as collective action on behalf of all current or former CSRs employed by Defendants at any time since three (3) years before the filing of this Complaint, whose shift differential pay was not included in the calculation of the regular rate of pay for payment of overtime wages for hours worked over forty (40) in a workweek (the "FLSA Collective").

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. Plaintiff's claims arise under § 207(a) of the FLSA. Additionally, this Court has personal jurisdiction over Defendants, as Defendants are domiciled and conduct business in the Eastern District of Pennsylvania.

3. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) as Defendants are domiciled within this District and under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise the claims occurred in this District.

## THE PARTIES

4. Plaintiff Lawayla Mitchell is a major, individual and a citizen of the State of Tennessee. Plaintiff was employed by Defendants as a CSR from approximately March 26, 2022 to August 3, 2022. Pursuant to 29 U.S.C. § 216(b), Plaintiff Lawayla Mitchell consents in writing to be a party to this proceeding. *See* Exhibit A.

5. Defendant kgb USA, Inc. is a Delaware corporation with its principal place of business located at 3400 Bath Pike, Suite 312, Bethlehem, Pennsylvania, 18017. *See* kgb, Contact at https://www.kgb.com/contact/ (last viewed Aug. 16, 2022).

6. Defendant Conduit Global, Inc. is also a Delaware corporation with its principal place of business located at 3400 Bath Pike, Suite 312, Bethlehem, Pennsylvania, 18017. *See* Conduit Global, About/Contact at https://www.conduitglobal.com/about/ (last viewed Aug. 16, 2022). Conduit's Pennsylvania's Department of State entity number is 6463278.

7. Defendants are an enterprise that jointly employed Plaintiff and other CSRs who fielded customer service calls for Defendants' clients. *See* https://www.conduitglobal.com/.

8. Defendants are or have been an enterprise engaged in commerce or in the

production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and have had an annual gross volume of sales made or business done of not less than $500,000 at all relevant times.

9. Plaintiff and the FLSA Collective are or were individual employees engaged in commerce or in the production of goods or services for commerce as required by 29 U.S.C. § 207.

10. Defendants, Plaintiff and the FLSA Collective used cell phones, computers, materials, supplies and medical equipment that were manufactured in or purchased and shipped from states other than Pennsylvania and Defendants accepted checks, credit cards, electronic payments and processed other transactions from customers through interstate banks and financial institutions and provided its employees with paychecks by electronic deposit, all of which constitute interstate commerce.

## COLLECTIVE DEFINITION

11. Plaintiff brings Count I of this lawsuit as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and the following similarly situated individuals :

> All current or former Customer Service Representatives employed by kgb USA, Inc. and/or Conduit Global, Inc. in the United States during the applicable statute of limitations period, and were paid a shift differential.

12. Plaintiff reserves the right to redefine the FLSA Collective prior to notice or collective certification, and thereafter, as may be warranted or necessary.

## FACTS

13. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

14. Defendants provide "Call Center as a Service ("CCaaS") infrastructure and agent support to its clients. . . [and] provided infrastructure support to other portfolio companies as well

3

as to its long-term roster of clients." *See* kgb USA, Portfolio at https://www.kgb.com/portfolio/ (last viewed Aug. 16, 2022).

15. Defendants "employ over 3,000 customer experience professionals in eight countries to optimize live customer interactions and solve problems for businesses 24/7 with urgency and care." *See* Conduit Global, About/Contact at https://www.conduitglobal.com/about/ (last viewed Aug. 16, 2022).

16. Plaintiff and the FLSA Collective are or were employed by Defendants as CSRs to provide call center support for Defendants' clients, such as Tennessee Carriers, Inc. (non-party).

17. Plaintiff and the FLSA Collective are or were employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

18. Plaintiff and the FLSA Collective were paid by the hour.

19. Plaintiff and the FLSA Collective were paid a shift differential if they worked certain hours, weekends or holidays.

20. Plaintiff and the FLSA Collective are classified as non-exempt for FLSA overtime compensation.

21. Plaintiff and the FLSA Collective performed no job duties or functions that qualified for any FLSA overtime exemption.

22. Defendants have suffered and permitted Plaintiff and the FLSA Collective to regularly work more than forty (40) hours in a workweek.

23. Plaintiff was paid an hourly rate of $10.80, and was paid a shift differential of $1.00 an hour.

24. Plaintiff regularly worked in excess of forty (40) hours in a workweek. For example, for the pay period of June 24, 2022 to July 7, 2022, Plaintiff worked 90.64 hours,

including 10.64 hours of overtime. *See* below.



25.     During the same pay period, Plaintiff received $25.95 in shift differential pay.

26.     Plaintiff was paid $172.37 in overtime wages, based on an overtime rate of $16.20 an hour which was one and one-half times Plaintiff's base hourly rate of $10.80.

27.     Defendants used Plaintiff's base rate as the regular rate of pay for calculating her overtime wages.

28.     Defendants failed to include Plaintiff's shift differential wages in the calculation of her regular rate of pay which resulted in unpaid overtime wages in violation of the FLSA.

29.     Plaintiff and the FLSA Collective were not compensated in accordance with the FLSA because shift differential wages were not included in the calculation of their regular rate of pay.

30.     Defendants are aware, or should have been aware, that Plaintiff and the FLSA Collective were paid shift differentials and that they worked overtime.

31.     Defendants knew or should have known that their actions were violative of the FLSA considering kgb USA was the subject of a previous action in this District brought by the United States Department of Labor. *See Solis v. kgb USA, Inc.*, 5:13-cv-00227-JKG (E.D.PA).

5

32. Plaintiff and the FLSA Collective were all subject to Defendants' uniform policy of not including shift differential pay in the calculation of overtime wages.

33. Defendants are all related entities, with common ownership and/or management, that jointly make decisions regarding the employment of Plaintiff and the FLSA Collective, and jointly maintain and implement the payroll practices complained of herein

### Defendants Are Joint Employers

34. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

35. Conduit Global is a brand name for kgb USA.

36. kgb USA provides a wide-variety of services through associated businesses such as Conduit Global.

37. kgb USA created various entities, such as Conduit Global, to conduct different aspects of its business.

38. kgb USA attempts to shield itself from liability by utilizing thinly capitalized companies, such as Conduit Global.

39. Conduit Global operates pursuant to kgb USA's corporate policies and procedures, including the payroll and structure for CSRs.

40. kgb USA and Conduit Global are headquartered at a common location 3400 Bath Pike, Suite 312, Bethlehem, Pennsylvania, 18017.

41. At all relevant times, kgb USA has been affiliated with, and/or operating Conduit Global, with respect to Plaintiff and the FLSA Collective, such that kgb USA and Conduit Global are the "joint employers" of Plaintiff and the FLSA Collective.

42. Conduit Global are given access to and are required to use kgb USA's policies,

6

procedures and technology.

43. While Conduit Global pay the CSR, kgb USA has both influence and control over how CSRs are paid.

44. kgb USA supervises and controls the work activities, work schedules, conditions and management of CSRs, such as the Plaintiff.

45. Plaintiff and the FLSA Collective were required to undergo on-the-job training in order to ensure that they adhere and conform to kgb USA's standards and policies.

46. Although kgb USA does not directly pay CSRs, its policies and practices regarding overtime pay dictated Conduit Global's ability to pay Plaintiff and the FLSA Collective for overtime work.

47. Upon information and belief, Plaintiff and the FLSA Collective were required to use kgb USA's computer system which tracked hours and calculated wages, including overtime wages.

48. Plaintiff and the FLSA Collective were provided with and must follow kgb USA's "Policy & Procedures Handbook," which contains comprehensive workplace policies and procedures, payroll and time policies, employment classifications, attendance and leave policies, work performance guidelines, disciplinary process, health and safety, employee benefits and termination procedures, all of which are maintained and implemented by kgb USA.

49. Defendants jointly created, implemented, maintained and enforced the payroll practice sued upon herein of failing to include shift differential wages in the calculation the employees' regular hourly rates for purposes of overtime pay.

50. kgb USA and Conduit Global maintain Plaintiff's and the FLSA Collective's employment records.

51. Plaintiff and the FLSA Collective were eligible to participate in kgb USA's benefit

plans.

52. Defendants were all aware that Plaintiff and the FLSA routinely worked more than forty (40) hours a week through kgb USA software that tracked CSRs' hours of work and by use of a third-party payroll provider that was used by all Defendants.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

53. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

54. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at an hourly rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

55. Defendants have violated, and are violating the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying CSRs, like Plaintiff and the FLSA Collective, overtime as required by law.

56. Plaintiff is aware of other current or former employees of Defendants who were subject to the same payroll practice.

57. Defendants' practice and policy of not including shift differential pay in the calculation of overtime wages affects Plaintiff and the FLSA Collective similarly and is a willful violation of the FLSA.

58. The FLSA Collective are all victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

59. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal

circumstances of any individual employee. Thus, Plaintiff and the FLSA Collective are similarly situated.

60. Plaintiff and the FLSA Collective all have the same basic job duties and descriptions and perform the same general duties that are relevant for determining their eligibility for overtime under the FLSA.

61. The specific job titles or precise job requirements of the FLSA Collective does not prevent proceeding collectively. All of Defendants' CSRs, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

62. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to include shift differential pay in the calculation Plaintiff's and the FLSA Collective's overtime wages.

63. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and the FLSA Collective to suffer loss of overtime wages and interest thereon.

64. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, attorneys' fees and costs under the FLSA.

## COUNT I
### Violations of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

65. Plaintiff realleges and incorporates by reference the allegations in all preceding paragraphs.

66. The FLSA requires that covered employees be compensated for all hours worked exceeding forty (40) in a workweek at a rate no less than one and one-half (1½) times the regular rate at which they are compensated (the "overtime wage"). *See* 29 U.S.C. § 207.

67. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).

68. Defendants are subject to the wage requirements of the FLSA because Defendants are each an "employer" under 29 U.S.C. § 203(d).

69. At all relevant times, Defendants were each an "employer" engaged in "commerce" within the meaning of the FLSA, 29 U.S.C. § 203, 29 U.S.C. § 202(a).

70. During all relevant times, Plaintiff and the FLSA Collective were covered employees entitled to the FLSA's above-described protections. *See* 29 U.S.C. § 203(e).

71. Plaintiff and the FLSA Collective are entitled to be paid overtime wages for hours worked exceeding forty (40) in a workweek pursuant to 29 U.S.C. § 207.

72. Defendants, pursuant to their policies and practices, failed and refused to pay proper overtime wages to Plaintiff and the FLSA Collective as required by the FLSA.

73. Defendants knowingly failed to compensate Plaintiff and the FLSA Collective overtime wages in violation of 29 U.S.C. §§ 206 and 207.

74. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

75. Pursuant 29 U.S.C. § 216(b), employers, such as Defendants, who fail to pay employee wages in conformance with the FLSA shall be liable to the employee for the overtime wages, an additional equal amount as liquidated damages, reasonable attorney's fees, and costs of the action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective, prays for relief as follows:

a. Permitting this case to proceed as a collective action under § 216(b) of the FLSA

and ordering notice to the FLSA Collective at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

      b.      Judgment that Plaintiff and the FLSA Collective are entitled to the overtime protections under the FLSA;

      c.      Judgment against Defendants for violation of the overtime provisions of the FLSA;

      d.      Judgment that Defendants' violations of the FLSA were willful;

      e.      An award to Plaintiff and the FLSA Collective for all unpaid wages and liquidated damages;

      f.      An award of any pre- and post-judgment interest;

      g.      An award of reasonable attorneys' fees and costs; and

      h.      Such further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury for all issues of fact.

Dated: August 17, 2022                        Respectfully submitted,

                                            */s/ Camille Fundora Rodriguez*
                                            Camille Fundora Rodriguez (SBN 312533)
                                            Alexandra K. Piazza (SBN 315240)
                                            Reginald L. Streater (SBN 326878)
                                            **BERGER MONTAGUE PC**
                                            1818 Market Street, Suite 3600
                                            Philadelphia, PA  19103
                                            Telephone: (215) 875-3000
                                            Facsimile: (215) 875-4604
                                            crodriguez@bm.net
                                            apiazza@bm.net
                                            rstreater@bm.net

                                            Philip Bohrer (to be admitted *pro hac vice*)
                                            phil@bohrerbrady.com
                                            Scott E. Brady (to be admitted *pro hac vice*)
                                            scott@bohrerbrady.com

**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, LA  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

12