# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWAYLA MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> KGB USA, INC. AND CONDUIT GLOBAL, INC., <br><br> Defendants. | CASE NO. 5:22-CV-3283-JLS |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff, Lawayla Mitchell, and her undersigned counsel, and Defendants, kgb USA, Inc. and Conduit Global, Inc., and their undersigned counsel, jointly move this Court for entry of an Order approving their Settlement Agreement and dismissing this action with prejudice. The Settlement Agreement is attached to this Motion as Exhibit A.

The parties represent that the interests of all concerned are best served by the compromise, settlement, and dismissal of this lawsuit with prejudice.

Respectfully submitted,

By: s/Camille Fundora Rodriguez
Camille Fundora Rodriguez
crodriguez@bm.net
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000

By: s/Jo Bennett
Jo Bennett
jbennett@schnader.com
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 751-2134

By: <u>s/Philip Bohrer</u>
Philip Bohrer (admitted pro hac)
phil@bohrerbrady.com
Scott E. Brady (admitted pro hac)
scott@bohrerbrady.com
Bohrer Brady, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
(225) 925-5297

Attorneys for Plaintiff                               Attorneys for Defendant

Dated: December, 5, 2022

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWAYLA MITCHELL, | : |
| Plaintiff, | : |
| v. | : CASE NO. 5:22-CV-3283-JLS |
| KGB USA, INC. AND CONDUIT GLOBAL, INC., | : |
| Defendants. | : |

## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into by and between Plaintiff, Lawayla Mitchell, and Defendants, kgb USA, Inc. and Conduit Global, Inc., subject to the approval of the U.S. District Court for the Eastern District of Pennsylvania.

**A.  RECITALS**

1. Plaintiff is a former employee of Conduit Global, Inc. She worked at Conduit from March 21, 2022 until August 3, 2022.

2. On August 17, 2022, Plaintiff filed her Complaint against Defendants and alleged that she was not properly compensated for overtime hours. Specifically, Plaintiff alleged that Defendants had not properly calculated the "regular rate" as required by the Fair Labor Standards Act ("FLSA"). Plaintiff further alleged that Defendants were her "joint employers."

1

3. The parties and their counsel respectfully submit that interests of all concerned are best served by the compromise, settlement and dismissal of this lawsuit with prejudice, and that the terms of this Agreement are fair and reasonable.

**B.    COMPROMISE ACKNOWLEDGEMENT**

4. Plaintiff agrees that this Agreement is entered into solely on the basis of a compromise of disputed claims and that this Agreement shall not in any way be construed or considered as an admission by Defendants of any unlawful conduct or of any violation of any law or federal, state, or local statute or regulation, or of any collective bargaining agreement or employment contract or agreement, or of any duty owed by Defendants to Plaintiff. Plaintiff agrees that the payments that Defendants have agreed to make pursuant to this Agreement are made solely to resolve and settle all present claims by Plaintiff for compensation relating to the calculation of the regular rate for computing overtime.

5. The parties have agreed to seek judicial approval of the compromise and resolution of this lawsuit and to jointly submit this Agreement to the Court with an appropriate motion.

**C.    SETTLEMENT PAYMENT**

6. In exchange for the promises, agreements, and legal releases stated in this Agreement, Defendants agree to pay the sum of Fourteen Thousand Fifty-Six Dollars and Forty-Seven Cents ($14,056.47) ("Settlement Proceeds") to Plaintiff and her attorneys in full and complete settlement of Plaintiff's claims for back wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and all other allowable damages. The Settlement Proceeds shall be allocated and paid as follows:

(a) <u>W-2 Payment</u>. Conduit will make one check payable to Lawayla Mitchell in the gross amount of Five Hundred Dollars and 00 Cents ($500.00), with required or authorized deductions and applicable taxes withheld. Conduit will furnish a W-2 to Mitchell for this payment at the appropriate time. Conduit shall be responsible for and shall pay to the respective taxing authorities the employer's share of applicable withholding taxes.

(b) <u>1099 Payment</u>. Conduit will make one check payable to Lawayla Mitchell in the gross amount of Five Hundred Dollars and 00 Cents ($500.00), representing payment for liquidated damages. Conduit will furnish IRS Form 1099 to Mitchell for this payment at the appropriate time; and

(c) <u>Payment for Attorney Fees</u>. Conduit will make one check payable to Bohrer Brady LLC in the amount of Thirteen Thousand Fifty-Six Dollars and 47 Cents ($13,056.47), which is compensation for all claimed attorney fees and costs. Conduit will furnish an IRS Form 1099 to Bohrer Brady LLC and to Mitchell for this payment at the appropriate time and report this amount in Box 10 as "Gross proceeds paid to an attorney."

(d) <u>Timing of Payments</u>. Conduit will make the payments described in Paragraph 6(a)-(c) within ten (10) business days after the Court approves this Agreement and after Conduit receives IRS W-9 forms from Plaintiff and from her counsel.

7. The parties agree that the sums and other consideration described herein will be received by Mitchell and her counsel in full and complete settlement of all "Released Claims" (defined below).

**D. RELEASE OF CLAIMS AND AGREEMENT NOT TO SUE**

8. The term "Released Claims" as used in this agreement means:

PHDATA 8347278_1

      a. any and all claims under the FLSA or other legal basis for straight-time pay, back pay, overtime pay, liquidated damages, willful violations of the law, attorneys' fees, expenses or any other monetary payment, damages, accountings (of any kind), or any other claims for pay set forth in the Complaint or under the Pennsylvania Minimum Wage Act or the Pennsylvania Wage Payment and Collection Law; and

      b. any other wage-related claim seeking pay or other monetary supplements beyond those received in settlement of this lawsuit.

    9. The term "Released Claims" does not include any future claims under the FLSA, or other legal basis for straight-time pay, back pay, overtime pay, liquidated damages, attorneys' fees, expenses or any other monetary payment, damages, accountings (of any kind) arising after the date the Court approves this Agreement.

    10. Plaintiff fully releases, exonerates, and forever discharges Defendants from any and all Released Claims, whether known or unknown, disclosed or undisclosed, asserted or unasserted, over the events giving rise to this action.

    11. Plaintiff agrees that she will not file and that she will not cause to be filed, any complaint or suit based in whole or in part on the Released Claims. Plaintiff further agrees that should any such action be taken against Defendants directly by her, Defendants shall be entitled to cancel any consideration provided to her pursuant to this Agreement or entitled to the return of all monies paid to the Plaintiff asserting such claims, and Defendants will be entitled to a protective order against or summary judgment dismissing such action, together with attorneys' fees and costs incurred in securing such dismissal or judgment to the extent permitted or specifically authorized by applicable law.

  E. **DISMISSAL OF ACTION**

PHDATA 8347278_1

12. Plaintiff agrees to the dismissal of the lawsuit with prejudice.

13. Plaintiff accepts the benefits provided herein as consideration in full and complete satisfaction and release of claims covered in this Agreement.

F. **NATURE OF AGREEMENT**

14. This Agreement has been carefully considered by all parties and the material terms hereof are known and understood by all parties. The parties have received independent legal advice from their attorneys with respect to the preparation, review and advisability of executing this Agreement. The parties acknowledge that they have executed the Agreement on advice of their respective counsel, without any fraud, duress or undue influence.

15. This Agreement and each of its terms constitutes a negotiated contract and is the result of negotiations between the parties. In interpreting the Agreement, there shall be no presumption of interpretation against any party.

16. This Agreement sets forth the entire agreement between the parties regarding the lawsuit and fully supersedes any and all prior agreements or understandings between them.

17. This Agreement may not be modified in whole or in part except by an agreement in writing executed by all parties and approved by the Court.

G. **SUCCESSORS**

18. Subject to the provisions otherwise contained in this Agreement, this Agreement shall inure to the benefit of and be binding upon the heirs, successors, and assigns of the respective parties to the Agreement.

H. **NO ASSIGNMENT**

19. Each party represents that the party has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, the party's rights in the lawsuit or any interest therein, or any other interest in any claims or claims arising out of any way of the matters that are the subject of the recitals in this Agreement.

I. **PARTIES'S AUTHORITY**

20. Each signatory to this Agreement warrants and represents that he/she is competent and authorized to enter into this Agreement on behalf of the party for whom he/she purports to sign.

**IN WITNESS WHEREOF**, intending to be legally bound, the parties have executed this Settlement Agreement and Release.

Agreed to and accepted by:

_____    12/1/2022
Lawayla Mitchell                   _____
                                   Date

Agreed to and accepted by:
**kgb USA, Inc. and Conduit Global, Inc.**

By: _____    12/05/2022
Name: Robert Pines                    _____
                                      Date

6

PHDATA 8347278_1